No. 21911.

C.R.T., Inc., a Colorado Corporation, and Kel Christiansen *v.* Sam Stene, Cora B. Stene, Giant Community Development Corporation, a Delaware Corporation, Giant Resources, Inc., a Nevada Corporation, James Ryan, Thomas G. Stone, Holiday Development Company, Inc., Cleone B. Cooper, as Executrix, and First Security Bank of Utah, as Administrator with Will Annexed of the Estate of Joe W. Cooper, Deceased.
(445 P.2d 579)

Decided September 23, 1968.     Rehearing denied October 21, 1968.

Harry H. Haddock, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

THE complaint of the plaintiffs in error was dismissed in the trial court after trial on a finding to the effect that plaintiffs in error had not produced any evidence to establish an equitable lien on real estate, which will be referred to herein as the Stene Property.

By this writ of error, it is urged that the judgment resulting from the dismissal of the complaint be reversed on the basis of several assigned errors. Of the named defendants in error, only Holiday Development Company, Inc. has filed a brief, and the attorney for this defendant in error has now been permitted to withdraw from this case, which was docketed in this court on August 6, 1965. Under these circumstances, this court has dispensed with oral argument and has determined that a disposition of this writ of error at this time is in order.

The trial court found that plaintiffs failed to produce "one scintilla of evidence" in support of their claim of an equitable lien. We agree. Our examination of this record readily discloses no basis whatsoever for reversal.

C.R.T. rests its claim to the Stene Property upon an alleged equitable lien, which is purportedly based solely upon an interest which C.R.T. acquired from the Platte Canyon Syndicate, and which the Syndicate in turn allegedly acquired from one Ryan. Thus, the necessary links to establish the chain of C.R.T.'s claim are these: proof of Ryan's interest in the Stene Property; proof of Ryan's assignment of his interest therein to the Syndicate; and, proof of the Syndicate's transfer of a valid interest in the Stene Property to C.R.T. There is no evidence in the record whatsoever, either by testimony or documentary exhibits, to show that the Syndicate ever acquired any interest in the Stene Property from Ryan, or that he had any interest to transfer. C.R.T.'s claim is derivative from the Syndicate's interest, and therefore, C.R.T.'s claim ipso facto collapses. Plaintiff in error Christiansen's alleged interest in the Stene

Property was derived from C.R.T., and hence, his claim is also entirely unsupported. The other assignments of error have no merit.

The judgment is affirmed.

MR. JUSTICE DAY not participating.